Stewart, J.
This case is submitted upon a demurrer to the amended petition which, in substance, states the claim 'of the plaintiff as follows: The plaintiff and the defendant Hugh Lowe, in December, 1885, entered into a written contract agreeing to purchase a farm in Delaware county, with the grain and stock thereon, each to own one half. There was a mortgage of $12,300 on the farm, of which amount each was to assume one half. The land was of the value of $24,000, and the grain and stock thereon was of the value of $5,200. There was also a lot purchased by the same contract. That further, as a part of the consideration for entering into the above contract, the defendant Hugh Lowe agreed to transfer to plaintiff land worth $4,000. That the land in Delaware county was deeded in fee to Hugh Lowe to hold as security for the payment by plaintiff of his half of the mortgage debt thereon. That afterwards the plaintiff, being the owner of real estate in Columbus worth $2,000, which was about to be sold at sheriff’s sale, agreed verbally with Hugh Lowe that Lowe should purchase the same at the sale, take a deed therefor, and hold the same for himself and plaintiff as equal owners, and that to pay for plaintiff’s one half thereof, said Lowe should pay himself out of the proceeds of the sale of the Delaware farm, and the stock and grain thereon. In pursuance of this agreement, Lowe *600 purchased the lot at the sale for $1,450, took the deed to himself, sold the stock and grain on the Delaware county farm, kept the proceeds, and then deeded the lot to Larkin Lowe, his brother, without consideration, and that Larkin Lowe knew all these facts at the time of the deed to him. It is further alleged that after the purchase of the land at sheriff’s sale by Hugh Lowe, certain persons were put in possession thereof as tenants of plaintiff and said Lowe, and have ever since continued in possession as such tenants. The prayer of the petition is for setting aside the deed from Hugh Lowe to Larkin Lowe, and the enforcement of the contract made between himself and Hugh Lowe, as he has performed all his part of all their contracts.
A general demurrer is filed to the petition, and it is claimed that no resulting trust was created in the lot sold at sheriff’s sale in favor of plaintiff. The law in such case is stated in the case of Watson v. Erb, 33 Ohio St., as follows: “The fraud against which equity will grant relief, notwithstanding the' statute of frauds, consists in the refusal to perform an agreement upon the faith of which the plaintiff has been misled to his injury, or the defendant has secured an unconscionable advantage, and not in the mere moral wrong involved in a refusal to perform a contract, which by reason of the statute of frauds, can not be enforced by action.”
It is also'the law that “ the consideration draws to it the equitable right of property ; the person from whom the consideration actually comes, under whatever form or appearance, is the true and beneficial owner; that where a purchase is made by one person in the name of another, the party receiving the legal title holds it for the use of the one who advanced or paid the price; and whenever one person, through mistake or fraud, or in violation of fiduciary relations, obtains the legal. title and apparent ownership of property, which in justice and good conscience belongs to another, such property is immediately impressed with a use in favor of the latter equitable owner. 2 Pom. Eq. Jur. § 981.
A resulting trust arises to the person from whom the consideration actually comes, or who represents or is identified in right with the consideration. Same, § 1031.
S. F. Marsh, and Rogers & Rogers, for demurrer.

M. B. Barnhart, contra.

The payment must be actually made by the beneficiary, or an absolute obligation to pay should be incurred by him. Same, § 1037.
The foundation of this relation is the payment of money by the cestui que trust at the time of the purchase, or by the trustee, with funds which are in equity the funds of the cestui que trust. 1 Lead. Cases Equ. p. 336.
Where two persons make a joint purchase, and one pays at the time, a subsequent payment by the other in pursuance of the original agreement may relate back to the execution of the deed, and give rise to a. resulting trust. Same, p. 338. •
An examination of the authorities shows, we think, conclusively that it is not necessary that the actual money paid must be handed over at the time by the cestui que trust; but if the purchase is made on his credit, or the trustee has in his hands money or property of the cestui que trust, which at the time is devoted or pledged to-the payment, or some act is done equivalent to a payment, the resulting trust arises. 1 Perry on Trusts, § 135; Browne Stat. of Frauds, § 87.
This, we think, is what this petition shows was done; the trustee had in his possession property of plaintiff more than sufficient to pay for plaintiff’s interest; this property was turned into money as was agreed by the parties, and the money retained by Hugh Lowe, presumably in pursuance to that agreement. He bought the lot, and took title in his own name, as the parties agreed, and having done so under the circumstances showing that it was the intention of the parties that he should hold one half thereof in trust for plaintiff, he should be decreed so to do. No claim is made, nor do we think there could be, that Larkin Lowe is not bound by this agreement, and holds the land subject thereto.
The demurrer is overruled.